**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:


RAMON CORDOVA-GONZALEZ,
PEDRO DIAZ-ARREGUIN, and
SAUL ROJAS-RAMIREZ,
on their own behalf and
on behalf of all others similarly situated, and
HORLANDO DOMINGUEZ,
ARTURO DOMINGUEZ,
RUBEN JUAREZ,
DIEGO JUAREZ, and
ALDO MENDOSA, on their own behalf,

Plaintiffs,

v.

---

T.W. LATH-N-STUCCO, INC., and
THOMAS MURRAY WARE II,

---

Defendants.

---

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

---

Plaintiffs, by and through undersigned counsel, file this Class and Collective

Action Complaint for Unpaid Wages against the above-named Defendants.  Representative

Plaintiffs Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin and Saul Rojas-Ramirez assert their

Count I and Count II claims on behalf of themselves and of all others similarly situated.  All

Plaintiffs named in the above caption also file individual claims under the Colorado Wage

Claim Act, C.R.S. § 8-4-109.  Plaintiff Ramon Cordova-Gonzalez asserts an additional

individual claim under 26 U.S.C. §7434.

## STATEMENT OF THE CASE

1.     Plaintiffs were formerly employed by Defendants to work in Defendants' Stucco

business based in Colorado Springs, Colorado.

2.     This action concerns work performed between June 14, 2015 and the present.

3.     Defendants failed to pay the Plaintiffs and others similarly situated all required

minimum and overtime wages for hours worked.

4.     Defendants failed to grant the Plaintiffs mandatory, compensated rest periods.

5.     Defendant T.W. Lath-N-Stucco, Inc. paid voluntary overtime work Plaintiff

Cordova-Gonzalez performed on weekends in cash, without overtime premiums and

misrepresented the wages paid to him by failing to report such wages, in information returns

filed with the Internal Revenue Service.

6.     Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201

*et seq.,* the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7

C.C.R. 1103-1, (and predecessor Wage Orders), and the Colorado Wage Claim Act (the

"CWCA"), C.R.S. § 8-4-101 *et. seq.* as implemented by the COMPS Order (and predecessor

Wage Orders).  Defendant T.W. Lath-N-Stucco, Inc. further violated 26 U.S.C. §7434.

7.     Defendants violated the FLSA because that Act requires employers to pay their

employees not less than $7.25 per hour worked and one-and-one-half times each employee's

regular rate of pay for each hour worked beyond forty in a given workweek.

8.     Defendants violated the COMPS Order because it requires employers to pay their

employees not less than the applicable minimum wage for all hours worked.   Defendants also

violated the COMPS Order because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek or beyond twelve in a given work day.  Defendants also violated the COMPS Order (and predecessor Wage Orders) because they failed to authorize and permit compensated ten minute rest periods for each four hours worked.

9.     Defendants violated the CWCA, as implemented by the COMPS Order, because that Act requires employers to pay their former employees all wages or compensation earned, vested, determinable and unpaid at the time of their separation from employment.

10.     Defendant T.W. Lath-N-Stucco, Inc. violated 26 U.S.C. §7434 because that statute prohibits the willful filing of a fraudulent information return with respect to payments purported to be made to any other person.

## PARTIES, JURISDICTION, AND VENUE

11.     Plaintiff Ramon Cordova-Gonzalez was employed by Defendants from approximately March of 2015 through approximately May of 2020.  During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, lathing, plastering and applying stucco.  Plaintiff Cordova-Gonzalez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

12.     Plaintiff Pedro Diaz-Arreguin was employed by Defendants from approximately January of 2018 through approximately January of 2021. During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.  Plaintiff Diaz-Arreguin's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 2.

13.     Plaintiff Saul Rojas-Ramirez was employed by Defendants from approximately April of 2019 through October of 2020.  During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.  Plaintiff Rojas-Ramirez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 3.

14.     Plaintiff Horlando Dominguez was employed by Defendants from approximately June of 2018 through June of 2019. During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.

15.     Plaintiff Arturo Dominguez was employed by Defendants from approximately January of 2018 through June of 2020.  During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.

16.     Plaintiff Ruben Juarez was employed by Defendants from approximately January of 2018 through October of 2019.  During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.

17.     Plaintiff Diego Juarez was employed by Defendants from approximately May of 2019 through December of 2019.  During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.

18.     Plaintiff Aldo Mendosa was employed by Defendants from approximately January of 2018 through December of 2018. During that time, he performed work on Defendant's crews setting up scaffold, tearing down scaffold, plastering and applying stucco.

19.     Defendant T.W. Lath-N-Stucco, Inc. ("T.W." or "Company") is a Colorado Corporation with a principal business address of 3325 Astrozon Blvd., Colorado Springs, CO 80910.

20.     Defendant Thomas Murray Ware II ("Ware") is a natural person maintaining a principal residence at 3315 Clubview Ter., Colorado Springs, CO  80906.

21.     Defendant Ware was a founding incorporator of Defendant T.W. Lath-N-Stucco, Inc.

22.     Defendant Ware is the registered agent of Defendant T.W. Lath-N-Stucco, Inc.

23.     Defendant Ware is an officer of Defendant T.W. Lath-N-Stucco, Inc.

24.     Upon information and belief, Defendant Ware owns a controlling interest in Defendant T.W. Lath-N-Stucco, Inc.

25.     Defendant Ware established or had authority to establish the policies of Defendant T.W. Lath-N-Stucco, Inc. governing work rules, timekeeping and compensation.

26.     Defendant Ware possessed and exercised the authority to hire, fire and discipline the Plaintiffs and others similarly situated.

27.     Upon information and belief, Defendant Ware signed tax returns submitted on behalf of Defendant T.W. Lath-N-Stucco, Inc.

28.     Defendant Ware exercised control over the terms and conditions of Plaintiffs' and others' employment.

29.     At all times relevant to this action, Defendant Ware exercised day-to-day operational control over T.W. Lath-N-Stucco, Inc.

30.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and under 26 U.S.C. § 7434.

31.     Plaintiffs request that this Court exercise its supplemental jurisdiction over their claims under the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1, and under the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq.

32.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendants reside in the District of Colorado.

33.     Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

34.     Defendants employed the Plaintiffs and others similarly situated ("others"), in their Colorado Springs, Colorado-based stucco business.

35.     Defendants employed persons, including the Plaintiffs and others within the State of Colorado.

36.     Plaintiffs and others performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiffs and others were to perform.

37.     Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

38.     Defendants employed the Plaintiffs and others in interstate commerce.

39.     At all times relevant to this action, Defendant T.W. Lath-N-Stucco, Inc. sold construction services to the consuming public.

40.     At all times relevant to this action, Defendant T.W. Lath-N-Stucco, Inc. provided construction services to other commercial firms through the use of service employees.

41.     Defendants scheduled, directed and controlled the work of Plaintiffs and others.

42.     Plaintiffs' and others' job duties included set up and tear down of scaffolding, lathing, wiring, plastering and application of stucco.

43.     Defendants paid the Plaintiffs and others on an hourly basis.

44.     The Plaintiffs and others regularly worked more than 40 hours per week for Defendants.

45.     The Plaintiffs and others sometimes worked more than 12 hours per day for Defendants.

46.     Defendants failed to pay the Plaintiffs and others for all hours worked at required minimum and overtime wage rates. This occurred for several reasons set forth below.

## Engagement to Wait and Compensable Travel Time

47.     The Plaintiffs and others were instructed to begin their morning by reporting to Defendants' yard and office located at 3325 Astrozon Blvd., Colorado Springs, CO 80910. There they awaited acceptable weather, formed work crews, received instructions, loaded equipment and departed for the remote locations at which they would perform stucco work.

48.     At the conclusion of remote work, the Plaintiffs and others returned to Defendant's yard and office.  There they unloaded company trucks, stowed equipment and tools and handed in paperwork before departing on their commute to their residences.

49.     Defendants generally began the compensated work day upon arrival at the remote work site to which a crew was dispatched.

50.     Defendants paid only those workers who loaded materials or equipment for their morning time working in the yard.

51.     Defendants paid the time between completion of morning yard work and the crew's arrival at the remote work location to which they were dispatched to only the worker who drove a particular crew's company truck.

52.     For example, on the morning of August 1, 2018, Plaintiffs Ruben Juarez, Aldo Mendosa and others were assigned to a plastering crew.  They worked 30 minutes in the Defendants' yard performing preparatory tasks before departing with their crew to perform remote work at the Uplands Townhomes located at or near the intersection of Acero Ave. & Sprague Ave. in Pueblo, Colorado.  Plaintiffs Juarez and Mendosa were not compensated for travel time between the completion of morning yard work and the crew's arrival at that day's remote work location (Acero Ave. & Sprague Ave., Pueblo, CO).

53.     For example, on the morning of November 4, 2019, Plaintiff Saul Rojas Ramirez was assigned to a scaffold tear-down crew.  He worked in the Defendants' yard, performing preparatory tasks before departing with his crew to perform remote work at 7955 Fountain Mesa Rd., Fountain, CO.  Plaintiff Rojas was not compensated for travel time between the completion of morning yard work and the crew's arrival at that day's remote work location (7955 Fountain Mesa Rd., Fountain, CO).

54.     Defendants generally ended the compensated work day upon departure from the remote work site to which a crew was dispatched.

55.     Defendants paid the time between the crew's departure from the remote work location and their evening arrival at the company's yard only to the worker who drove a particular crew's company truck and to those workers who unloaded that truck upon return to the company yard.

56.     Workers routinely stowed their work tools in company-provided sites within Defendant's yard, upon their return to Defendant's yard after the completion of remote work.

57.     Defendants failed to compensate crew members other than the driver of a particular crew's company truck and those workers who unloaded that truck upon return to the company yard for their return travel time between the remote work site and the yard.  Defendants did not compensate the workers who unpacked and stowed their own work tools at the yard at the end of the day for their return travel time.

## Mandatory Compensated Rest Breaks

58.     Plaintiffs and others routinely worked shifts in excess of 4 hours for Defendants.

59.     Defendants regularly failed to provide the Plaintiffs and others required, compensated rest breaks of ten minutes for each four hours of work.

60.     Defendants did not supplement the pay given the Plaintiffs and others for denial of required, compensated rest breaks.

61.     When the Plaintiffs and others were required to work through their ten-minute rest periods, their shifts were effectively extended by 10 minutes for each four hours of duration. Defendants' failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiffs and others similarly situated.

## 12 Hour Daily Overtime

62.     Defendants uniformly failed to augment the regular rates of pay of the Plaintiffs and others similarly situated to pay them overtime premiums for hours worked in excess of 12 in a given work day.

63.     For example, on August 21, 2018, Plaintiff Ramon Cordova Gonzalez worked a fourteen hour day.  He was compensated for all such hours at his straight time rate, without increase for daily overtime premiums.

### Cash Payment For Voluntary, Weekend Overtime Work

64.     Plaintiff Ramon Cordova-Gonzalez and select other employees worked voluntary, weekend overtime for Defendants.  Defendants failed to augment the regular rates of pay given Plaintiff Cordova-Gonzalez for voluntary, weekend overtime work.  Defendants paid Plaintiff Cordova Gonzalez for his voluntary, weekend overtime in cash.

65.     For example, on Sunday October 29, 2017, Plaintiff Ramon Cordova Gonzalez performed voluntary, weekend overtime work.  He was paid for that work in cash, without an increase for overtime premiums.

66.     For example, on Sunday March 1, 2020, Plaintiff Ramon Cordova Gonzalez performed voluntary, weekend overtime work.  He was paid for that work in cash, without increase for overtime premiums.

67.     Defendants willfully failed to report these cash payments made for overtime work on the Forms W2 and W3 they filed with the Internal Revenue Service for the tax years 2017 and 2020.

### Mandatory, Out-of-Pocket Tools Purchases

68.     Defendants required the Plaintiffs and others to purchase their own tools, which tools Defendant required them to have in order to perform work for T.W. Lath-N-Stucco, Inc.

69.     These out-of-pocket purchases of tools were made by the Plaintiffs and others for the primary benefit of their Defendant employers.

70.     These out-of-pocket purchases of tools were a functional deduction from wages Defendants paid to the Plaintiffs and others.

71.     At times, out-of-pocket expenses for the purchase of tools Defendants required dropped the Plaintiffs' and others' wages below statutorily required minimum and overtime wage levels.

### Failure to Pay Prevailing Wage Rates Where Required

72.     Upon information and belief, Defendants sometimes failed to pay the Plaintiffs the required prevailing wages and fringe benefits, when Plaintiffs performed work on jobs subject to the requirements of the Davis-Bacon Act.

### COLLECTIVE ACTION ALLEGATIONS

### Count I – Fair Labor Standards Act

73.     Named Plaintiffs Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin and Saul Rojas-Ramirez bring their Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated current and former employees. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All hourly "production workers" employed by T.W. Lath-N-Stucco, Inc. between June 14 2018 and the present.  "Production workers" include workers employed on scaffold, lath and plaster crews.  "Production workers" excludes workers employed in office-based administrative tasks or sales.

74.     The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

75.     All potential 216(b) Class Members are similarly situated because they worked for Defendants subject to common policies and practices which denied workers required minimum and overtime wages.

76.     Named Plaintiffs and those similarly situated have, at one or more times, worked overtime hours in excess of forty (40) in a workweek for Defendants as non-exempt workers.  Under § 206 of the FLSA, all weekly hours must be compensated at not less than $7.25/hr. free and clear of deductions taken for the primary benefit of the employer. Under § 207 of the FLSA, all overtime hours are payable at a rate of not less than one-and-one-half times the regular hourly rate.  Defendants failed to pay Plaintiffs and others required minimum and overtime wages. Plaintiffs FLSA complaint concerns uniform policies concerning the compensability of particular categories of time, and the imposition of tool costs on workers.  *See, Supra ¶¶* 47-57, 64-71.  Upon information and belief, all members of the putative class were subject to those policies.  Upon information and belief, Defendants' unlawful pay practices have been maintained and applied for at least the last three years.

## CLASS ACTION ALLEGATIONS

### Count II – Colorado Overtime & Minimum Pay Standards Order Class

77.     Named Plaintiffs Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin and Saul Rojas-Ramirez bring their Count II claims pursuant to the COMPS Order, 7 CRR 1103-1 and predecessor Wage Orders on behalf of a putative class preliminarily defined as:

> All hourly "production workers" employed by T.W. Lath-N-Stucco, Inc. between June 14, 2015 and the present.  "Production workers" include workers employed on scaffold,

lath and plaster crews.  "Production workers" excludes workers employed in office-based administrative tasks or sales.

78.     Plaintiffs and the classes they allege meet the applicable requirements of Fed. R. Civ. P. 23(a): the members of the class are too numerous to practicably join, claims of individual class members originate from common questions of law and fact, named Plaintiffs pose claims typical and representative of the claims of the class, and they will fairly and adequately represent the class' interests.

79.     Because common questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).  Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members to individually control the prosecution of this action, and there are no likely difficulties in managing a class action.

80.     While the exact number of the members of the alleged class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are over 100 individuals in the alleged class.

81.     Common questions of law and fact exist as to the class that predominate over any questions affecting only the class members individually and include, but are not limited to, the following:

> a.  Whether Defendants failed to pay overtime compensation for all hours worked in excess of 40 per work week;
>
> b.  Whether Defendants failed to pay overtime compensation for all hours worked in excess of 12 per work day;

c.  Whether Defendants failed to provide mandatory, duty-free, compensated rest breaks;

d.  Whether travel time between Defendants' yard and remote work locations was compensable time; and

e.  Whether travel time between remote work locations and Defendants' yard was compensable time.

**COUNT I – Failure to Pay Minimum Wages and Weekly Overtime Premiums Violation of the FLSA (29 U.S.C. § 201 _et seq._)**

82.  Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-57, 62-71, and 73-76 above as if fully set forth herein.

83.  This Count is asserted by Named Plaintiffs Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin and Saul Rojas-Ramirez against all Defendants. Named Plaintiffs assert this claim on their own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

84.  Plaintiffs preliminarily define this "216(b) Class" as follows:

All hourly "production workers" employed by T.W. Lath-N-Stucco, Inc. between June 14, 2018 and the present.  "Production workers" include workers employed on scaffold, lath and plaster crews.  "Production workers" excludes workers employed in office-based administrative tasks or sales.

85.  Named Plaintiffs and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

86.  Defendants "employed" the Named Plaintiffs and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

87.  Defendants were Named Plaintiffs' and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

88.     Defendants employed the Named Plaintiffs and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

89.     Defendants violated the FLSA when they failed to pay the Named Plaintiffs and others similarly situated required minimum wages.  29 U.S.C. § 206.

90.     Defendants violated the FLSA when they failed to pay the Named Plaintiffs and others similarly situated overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

91.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

92.     Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

93.     Plaintiffs and others are entitled to recover unpaid minimum wages, overtime premiums liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).

### COUNT II – Violation of Colorado Overtime and Minimum Pay Standards (COMPS) Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1

94.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-72 and 77-81 above as if fully set forth herein.

95.     Named Plaintiffs Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin and Saul Rojas-Ramirez assert this claim against all Defendants on behalf of themselves and a putative class preliminarily defined as:

> All hourly "production workers" employed by T.W. Lath-N-Stucco, Inc. between June 14, 2015 and the present.  "Production workers" include workers employed on scaffold, lath and plaster crews.  "Production workers" excludes workers employed in office-based administrative tasks or sales.

96.     This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between June 14, 2015 and the present.

97.     Defendants were Plaintiffs' and others' "employers" as that term is defined by the COMPS Order because they suffered or permitted the Plaintiffs to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employees.  7 C.C.R. 1103-1¶ 1.6(A).

98.     Plaintiffs and others were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

99.     Defendants employed the Plaintiffs and others in a business which sold construction services to the consuming public and generated 50% or more of its annual dollar volume of business from such sales.

100.    Defendants employed the Plaintiffs and others in a business engaged in providing construction services to other commercial firms through the use of service employees who performed construction work.

101.    Defendants employed the Plaintiffs and others in an industry regulated by Wage Orders # 31 through 35.  7 C.C.R. 1103-1 ¶ 2(A); 7 C.C.R. 1103-1 ¶2(B).

102.    Defendant employed the Plaintiffs and others in an industry regulated by COMPS Orders 36 and 37.

103.   Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiffs and others the applicable minimum wage for all time worked.  7 CCR 1103-1 ¶¶1.9, 3.1.

104.   Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiffs and others overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).

105.   Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiffs and others overtime premiums for hours worked over twelve in each given work day.  7 CCR 1103-1¶ 4.1.1(B).

106.   Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to authorize and permit the Plaintiffs and others to take compensated ten minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

107.   As a result, the Plaintiffs and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

108.   Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs.  7 C.C.R. 1103-1 ¶8.1(A).

### COUNT III – <u>Violation of Colorado Wage Claim Act C.R.S. § 8-4-109</u>

109.   Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-72 above as if fully set forth herein.

110.   All Plaintiffs assert this Count on their own behalf against all Defendants.

111.   All Plaintiffs are former employees of Defendants.

112.    This Count seeks the recovery of unpaid minimum and overtime wages and penalties arising from work performed between June 14, 2018 and the present.

113.    Defendants were Plaintiffs' "employers" as that term is defined by the CWCA, because they suffered or permitted the Plaintiffs to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employees.  C.R.S.§ 8-4-101(6).

114.    Plaintiffs were Defendants' "employees" as that term is defined by the CWCA, because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs, who performed the primary work of the employer. C.R.S. § 8-4-101(5).

115.    Defendants employed the Plaintiffs and others in a business which sold construction services to the consuming public and generated 50% or more of its annual dollar volume of business from such sales.

116.    Defendants employed the Plaintiffs and others in a business engaged in providing construction services to other commercial firms through the use of service employees who performed construction work.

117.    Defendant employed the Plaintiffs in an industry regulated by Wage Orders # 34 and 35.  7 C.C.R. 1103-1 ¶ 2(A); 7 C.C.R. 1103-1 ¶ 2(B).

118.    Defendant employed the Plaintiffs in an industry regulated by COMPS Orders 36 and 37.

119.    The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiffs the applicable minimum wage for all time worked.  7 CCR 1103-1 ¶¶1.9, 3.1.  Defendants failed to make these payments.

120.    The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiffs overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).  Defendants failed to make these payments.

121.    The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiffs overtime premiums for hours worked over twelve in each given work day.  7 CCR 1103-1¶ 4.1.1(B).  Defendants failed to make these payments.

122.    The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendants to authorize and permit the Plaintiffs to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.  Defendants failed to permit or compensate such break time.

123.    Defendants failed to compensate the Plaintiffs for the earned, vested and determinable wages or compensation recited above at the time of their separation from employment. C.R.S. § 8-4-109.

124.    As a result, the Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

125.    Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## COUNT IV – Violation of 26 U.S.C. § 7434

126.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-46 and 64-67 above as if fully set forth herein.

127.     Plaintiff Ramon Cordova-Gonzalez asserts this Count on his own behalf against Defendant T.W. Lath-N-Stucco, Inc.

128.     Defendant T.W. Lath-N-Stucco, Inc. willfully filed fraudulent information returns with respect to payments made to Plaintiff Cordova-Gonzalez.  26 U.S.C. § 7434(a).

129.     Plaintiff Cordova-Gonzalez does not assert a claim for actual damages.

130.     Defendant is liable to Plaintiff Cordova-Gonzalez in an amount equal to $5,000.00 per violation.  26 U.S.C. § 7434(b).

131.     Plaintiff has contemporaneously served the Internal Revenue Service with a copy of this complaint upon filing the same with this Court.  26 U.S.C. § 7434(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that:

As to their Count I claim brought under the FLSA, Plaintiffs respectfully requests an Order from the Court that:

a. This Count be certified to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b. Plaintiffs and others similarly situated be awarded unpaid minimum wages and overtime premiums;

c. Plaintiffs and others similarly situated be awarded liquidated damages as required by law;

d. Plaintiffs and others similarly situated be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e. Plaintiffs and others similarly situated be awarded such other and further relief as may be necessary and appropriate.

As to their Count II Claim brought under the Colorado Overtime and Minimum Pay Standards Order and predecessor Colorado Minimum Wage Orders,

    a.  This Count be certified to proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

    b.  Plaintiffs and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due.  7 CCR 1103-1 ¶8.1(A).

    c.  Plaintiffs and others be awarded such other and further relief as may be necessary and appropriate.

As to their Count III Claim brought under the Colorado Wage Claim Act, Plaintiffs respectfully request an Order from the Court that:

    a.  Plaintiffs be awarded the unpaid balance of the full amount of minimum wages owed to them, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    b.  Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

As to their Count IV Claim brought under 26 U.S.C. §7434, Plaintiff Cordova-Gonzalez respectfully requests an Order from the Court that:

    a.  Plaintiff Cordova-Gonzalez be awarded an amount equal to $5,000.00 per violation.  26 U.S.C. § 7434(b).

Respectfully Submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
MILSTEIN TURNER, PLLC
2400 Broadway – Suite B
Boulder, CO. 80304
303-305-8230
andrew@milsteinturner.com

*Counsel for Plaintiffs*