IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01617-CMA-KMT

RAMON CORDOVA-GONZALEZ,
PEDRO DIAZ-ARREGUIN, and
SAUL ROJAS-RAMIREZ, on their own behalf and on behalf of all others similarly situated, and
ARTURO DOMINGUEZ,
HORLANDO DOMINGUEZ,
RUBEN JUAREZ,
DIEGO JUAREZ, and
ALDO MENDOSA, on their own behalf,

      Plaintiffs,

v.

TW LATH-N-STUCCO, INC., and
THOMAS MURRAY WARE II,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO CERTIFY QUESTION OF LAW TO COLORADO SUPREME COURT PURSUANT TO C.A.R. 21.1

This matter is before the Court on Defendants' Motion to Certify Question of Law to Colorado Supreme Court Pursuant to C.A.R. 21.1 (Doc. # 23). The Motion is denied.

### I.    DISCUSSION

This is a case for recovery of unpaid wages and overtime compensation. Plaintiffs allege that Defendants, T.W. Lath-N-Stucco, Inc. and Thomas Murray Ware II, committed violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") and

related older regulations, 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("MWA"), Colo. Rev. Stat. § 8-6-101, *et seq.*, and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101, *et seq.* (Doc. # 1 at 2.) Defendants' motion addresses the latter two Colorado statutes.

Colorado Appellate Rule 21.1 allows for certification of a question to the Colorado Supreme Court

> [i]f there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court.

C.A.R. 21.1(a). The decision to certify is left to the federal court's discretion. *Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018). Certification of questions saves judicial resources and builds a "cooperative judicial federalism." *Lehman Bros v. Schein*, 416 U.S. 386, 391 (1974). However, certification "is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). Federal courts have "a duty to decide difficult or unsettled questions of state law and will do so if there is a 'reasonably clear and principled course.'" *Ratcliff v. Good Times Restaurants, Inc.*, No. 19-cv-00077-LTB-MEH, 2019 WL 2774217, at *2 (D. Colo. July 2, 2019) (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)). Thus, the Court will apply judgment and restraint before certifying. *Pino*, 507 F.3d at 1236. "[W]e will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Id.*

In the instant case, Defendants move to certify the following question to the Colorado Supreme Court:

> Does the Colorado Wage Claim Act's statute of limitations apply to claims asserted under the Colorado Minimum Wage Act?

(Doc. # 23 at 3.) Defendants assert that "there is no Colorado Supreme Court ruling directly on point" clarifying the statute of limitations for the MWA. (*Id.* at 4.) They urge this Court to follow the example of *Hernandez v. Ray Domenico Farms, Inc.*, 414 P.3d 700 (Colo. 2018), wherein the Colorado Supreme Court certified a question of law from the United States District Court relating to the CWCA. (Doc. # 23 at 3.) Defendants argue that the CWCA's 2 or 3-year statute of limitations should apply to the MWA, which does not have an explicitly stated statute of limitations, rather than Colorado's general 6-year limitation period for actions to recover liquidated debts or determinable amounts. (Doc. # 23 at 6.)

For the reasons stated in Plaintiffs' Response in Opposition to Defendants' Motion to Certify Question of Law to Colorado Supreme Court Pursuant to C.A.R. 21.1 (Doc. # 28), the Court declines to certify the question to the Colorado Supreme Court. The question is not "determinative" of the instant case because, as both parties acknowledge, Plaintiffs also submit claims pursuant to the COMPS Order, 7 C.C.R. 1103-1, to which the United States District Court has applied the 6-year limitation period in Colo. Rev. Stat. § 13-80-103.5(1)(a). *See Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1188 (D. Colo. Sept. 21, 2018) (deciding that Colorado's residual 6-year limitations period, which applies to actions to recover a "liquidated debt" or an

"unliquidated determinable amount," is most applicable to Colorado wage claims under the COMPS Order). Further, the Court finds that the plain language of the Colorado statutes is sufficiently clear to allow the Court to decide the issue. The CWCA is governed by its explicit 2 or 3-year statute of limitations, *see* Colo. Rev. Stat. § 8-4-122, and the MWA, in the absence of an explicit statute of limitations, is governed by the general limitations statutes codified at title 13, article 80 of the Colorado Revised Statutes, *see Sobolewski*, 342 F. Supp. 3d at 1188. The Court sees no need to trouble the Colorado Supreme Court under these facts and circumstances.

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Certify Question of Law to Colorado Supreme Court Pursuant to C.A.R. 21.1 (Doc. # 23).

DATED:  November 2, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge