IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-01617-MDB

RAMON CORDOVA-GONZALEZ,
PEDRO DIAZ-ARREGUIN, and
SAUL ROJAS-RAMIREZ,
on their own behalf and
on behalf of all others similarly situated, and
HORLANDO DOMINGUEZ,
ARTURO DOMINGUEZ,
RUBEN JUAREZ,
DIEGO JUAREZ, and
ALDO MENDOSA, on their own behalf,

Plaintiffs,

v.

T.W. LATH-N-STUCCO, INC., and
THOMAS MURRAY WARE II,

Defendants.

## JOINT MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

COME NOW the parties, who jointly move the Court pursuant to Federal Rule of Civil Procedure 23(e) to grant final approval of their proposed settlement of this class action lawsuit. Pursuant to the Court's September 19, 2022 Order granting this proposed settlement agreement preliminary approval, the parties provide this joint memorandum to update the Court following

their completion of the notice, exclusion and objection process. (Doc. No. 51 at 16-17.)[1] For the reasons set forth below and in the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement (Doc. No. 44), the Court should grant this motion and enter an Order (1) granting final certification of the conditionally certified settlement class, (2) finalizing the appointment of Class Counsel and Class Representative identified in Doc. No. 51 at 14, (3) granting final approval of the proposed settlement agreement (Doc. No. 44-1),[2] (4) Ordering the parties to comply with the terms of that settlement agreement, and (5) dismissing this action with prejudice.

I. **The Notice, Exclusion and Objection Process is Complete.**

The parties timely completed the notice plan the Court Ordered. (Doc. No. 51 at 14-15.) Through the approved Settlement Administrator, the parties distributed the Court's approved notice and exclusion forms (Doc. No. 44-2) to all members of the class. Ex. 1, Declaration of Class Administrator ¶4. The notices issued were personalized, informing each recipient of their individual gross minimum distribution if they were to participate in this settlement, and the Court were to approve the same. (Doc. No. 44-2 at 1.) The Settlement Administrator completed mail delivery to 157 of the 168[3] identified class members. Ex. 1, Class Admin. Decl. ¶¶ 4-5. No class

---

[1] Plaintiffs move separately pursuant to Fed. R. Civ. P. 54(d)(2) for approval of this Agreement's proposed award attorney's fees and costs. Fed. R. Civ. P. 23(h)(1). Defendants do not oppose Plaintiffs' motion.

[2] The parties' proposed settlement agreement was re-filed in duplicate as Doc. No. 47. The two filings are identical.

[3] While the parties initially identified 170 class members, they later learned that two such class members were duplicate. Ex.1, Class Admin. Decl. ¶4.

member opted-out of the proposed settlement. *Id* at ¶6. No class member objected to the proposed settlement agreement. *Id* at ¶7.

## II. The Court Should Grant Final Approval of the Proposed Settlement Agreement.

### A. The Proposed Settlement Agreement Satisfies Rule 23(e)(2) Factors.

"The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court. [The Court of Appeals] will not set aside a class action settlement unless the trial court has abused its discretion." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

In deciding whether to approve a settlement in a class action, a court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination the Court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). As each of these factors is satisfied here, the Court should grant final approval to the proposed settlement agreement.

The class representatives and class counsel have adequately represented the class in this case. Fed. R. Civ. P. 23(e)(2)(A). As detailed in the parties' motion for preliminary approval

3

(Doc. 44 at 2-12) and in the Court's preliminary approval order (Doc. 51 at 11-12), Class Counsel and the Class Representative Plaintiffs have diligently calculated and obtained full relief for the class members on each of their claims. The Settlement Agreement was negotiated by experienced counsel in whose estimation the proposed agreement provides full obtainable relief. (Doc. 44-3, Turner Decl. ¶¶ 7-9.) In this case the Class Representative Plaintiffs were particularly knowledgeable and helpful and engaged in investigating and proving the class claims. *Id* at ¶21.

The proposed Settlement Agreement is not the product of collusion. It was negotiated at arms-length and informed by four months of adversarial discovery and motions practice. (Doc. 44-3, Turner Decl. ¶15); Fed. R. Civ. P. 23(e)(2)(B).

The proposed agreement provides adequate relief for the class. Fed. R. Civ. P. 23(e)(2)(C). Here exact calculations of liability were possible, completed and will be paid. Class Counsel has provided the Court with extensive calculations and explanation of the formulae and data sets utilized in support of his assessment. (Doc. 44 at 9-11; Doc. 44-3, Turner Decl. ¶¶ 15-18).

The proposed agreement provides for a maximally effective "method of distributing relief to the class" omitting any claims procedure through which class members could default, sending checks by mail to the address of all class members (as none opted-out), and redistributing all funds in any uncashed checks back to those class members who have been reachable, rather than returning them to Defendants. (Doc. 44-1 at 9-10); Fed. R. Civ. P. 23(e)(2)(C)(ii). In the notice phase, residential mailing was effective in reaching 93.4% of class members. Ex. 1, Class Admin. Decl. ¶¶ 4-5.

The attorney's fee award sought in the proposed settlement agreement is fair and reasonable. Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement would award

$50,000.00 of the $150,000.00 total settlement amount to Plaintiffs' counsel as attorney's fees and costs. Ex. 1, Settlement Agreement pg. 14 ¶D. "The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class." *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.,* Civil Action No. 09–cv–01543–REB– KMT, 2010 WL 5387559, at *5–*6 (D.Colo. Dec. 22, 2010)(citing, *inter alia, Vaszlavik v. Storage Technology Corp.,* Case No. 95–B–2525, 2000 WL 1268824, *4 (D.Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%– 50% range and is presumptively reasonable."). In this case, the class will recover 100% of documented damages (Doc. No. 44 at 9-14) even after the reduction of the settlement fund for the proposed 1/3 contingent fee. (Doc. No. 44-3, Turner Decl. ¶20.) The $50,000.00 the proposed Settlement Agreement would award counsel is only roughly half of the $99,020.00 lodestar fee applicable to the 247.55 billable hours of work counsel has performed on the matter. *Id* at ¶13. Class Counsel has submitted detailed billing records supporting his application for attorney's fees (Doc. No. 44-3 at 11-19), which will be made on separate motion. Fed. R. Civ. P. 23(h)(1). The proposed agreement provides for payment of attorney's fees 90 days after the effective date of the approved settlement agreement. (Doc. 44-1 at 14.). By contrast, distribution of funds to the class members is scheduled to occur just 30 days after the effective date. *Id* at 9. It is counsel, not the class whom will bear the highest risk of default. The relief provided to the class is fair and adequate in light of the "proposed award of attorney's fees, including timing of payment". Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement filed as Exhibit 1 is the lone agreement

between the parties. (Doc. No. 44-1 at 18 ¶ E); Fed.R.Civ.P. 23(e)(2)(C)(iv); Fed.R.Civ.P. 23(e)(3).

The parties' proposed settlement agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). It would compensate every class claim through a single formula applicable to all class members. (Doc. No. 44 at 9-14; Doc. No. 44-3 at ¶¶ 16-18.) The proposed Settlement Agreement is fair, reasonable and adequate.

### B. The Proposed Settlement Agreement Satisfies the Tenth Circuit's Supplemental Test of Adequacy.

The Tenth Circuit set forth its four-factor test for evaluating the fairness and adequacy of proposed class settlements in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). 2018 Amendments to Rule 23(e) introduced the standard analysis above. "The advisory committee noted these new factors were not meant to displace any circuit's unique factors, but rather to focus courts on the core concerns in deciding whether to approve a proposed settlement." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing Chavez Rodriguez v. Hermes Landscaping, Inc.*, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020). "The Tenth Circuit's additional factors largely overlap, with only the fourth factor not being subsumed into the new Rule 23." *Id.*

The fourth of the *Nuclear Pharmacy* factors tests "the judgment of the parties that the settlement is fair and reasonable." 741 F.2d at 324. Here, the Plaintiff Class is represented by experienced counsel. (Doc. No. 44-3 at ¶¶ 6-10.). Class Counsel believes the class could have done no better at trial. *Id* at ¶20 ("This proved to be a case of clear, class wide violations, each of which had low monetary value."). *See also, Albu v. Delta Mech. Inc.*, No. 13-cv-03087-PAB-

KMT, 2015 U.S. Dist. LEXIS 95485, at *9 (D. Colo. June 30, 2015) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354) (noting that settlement agreements negotiated at arm's-length by experienced counsel are entitled to "a presumption of fairness"). In deciding this factor, "[t]he Court may also consider the fact that no objections were filed by any class members." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990). It is the judgment of the parties and of the class members, who did not object, that the proposed settlement agreement is fair, reasonable and adequate.

**III.     Conclusion**

Following the conduct of the final fairness hearing scheduled for January 11, 2023, the Court should grant this motion and enter an Order (1) granting final certification of the conditionally certified settlement class, (2) finalizing the appointment of Class Counsel and Class Representative identified in Doc. No. 51 at 14, (3) granting final approval of the proposed settlement agreement (Doc. No. 44-1),[4] (4) Ordering the parties to comply with the terms of that settlement agreement, and (5) dismissing this action with prejudice.

---

[4] The parties' proposed settlement agreement was re-filed in duplicate as Doc. No. 47. The two filings are identical.

Respectfully Submitted,

| | |
|---|---|
| **/s/ Andrew H. Turner** | **/s/ Jessica L. Kyle** |
| Andrew H. Turner | Jessica L. Kyle, CO Bar #29293 |
| CO Atty. Reg. # 43869 | Paul W. Hurcomb, CO Bar #32459 |
| MILSTEIN TURNER, PLLC | SPARKS WILLSON, P.C. |
| 1490 Lafayette St. #304 | 24 South Weber Street, Suite 400 |
| Denver, CO 80218 | Colorado Springs, CO 80903 |
| Tel: (303)-305-8230 | Ph: 719-634-5700 |
| andrew@milsteinturner.com | Fax: 719-633-8477 |
| | Email: jlk@sparkswillson.com |
| | phw@sparkswillson.com |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that I filed this Motion electronically through the CM/ECF system, which caused all parties entitled to service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

This 27th day of December, 2022

                                                   */s/ Andrew H. Turner*
                                                 *Counsel for Plaintiffs*