IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–01617–CMA–MDB

RAMON CORDOVA-GONZALEZ,
PEDRO DIAZ-ARREGUIN, and
SAUL ROJAS-RAMIREZ, on their own behalf and on behalf of others similarly situated, and
HORLANDO DOMINGUEZ,
ARTURO DOMINGUEZ,
RUBEN JUAREZ,
DIEGO JUAREZ, and
ALDO MENDOSA, on their own behalf,

    Plaintiffs,

v.

TW LATH-N-STUCCO, INC., and
THOMAS MURRAY WARE II,

    Defendants.

---

## ORDER RE:
## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT
## &
## PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS OF CLASS ACTION SETTLEMENT AGREEMENT

Before the Court is the parties' Joint Motion for Final Approval of Class Action Settlement Agreement (["Joint Motion for Final Approval"] Doc. No. 52.) and Plaintiffs' Unopposed Motion for Award of Attorney's Fees and Costs of Class Action Settlement Agreement (["Motion for Fees and Costs"] Doc. No. 53.)  On consent of the parties and an order of reference from the presiding district judge, this Court is authorized to issue a final

determination on both motions. (Doc. Nos. 54, 58); *see* 28 U.S.C. § 636.

In addition to the relevant pleadings and supporting materials, the parties supplemented their arguments during a final hearing, which took place on January 11, 2023. (Doc. No. 55.) In response to the Court's directive, Plaintiffs also filed a notice of supplemental authority. (Doc. No. 59.) For the reasons set forth herein, the Court **GRANTS** both motions.

## BACKGROUND

This case concerns class claims against a Colorado Springs-based stucco business, which allegedly failed to pay Plaintiffs and others certain wages required by state and federal law. (Doc. No. 12.) The claims were filed pursuant to the Fair Labor Standards Act [the "FLSA"], 29 U.S.C. §§ 201 *et seq.*, the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, (and predecessor Wage Orders), the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.* and the Colorado Wage Claim Act (the "CWCA"), C.R.S. § 8-4-101 et. seq. as implemented by the COMPS Order (and predecessor Wage Orders).[1] According to Plaintiffs, Defendant failed to: 1) pay for travel time, 2) provide compensated rest breaks, and 3) pay certain overtime ("Damages Categories"). (*See generally* Doc. No. 12.) A description of the claims and a brief history of this case is set forth in the Court's Order preliminarily approving the subject settlement. (["Preliminary Approval Order"] Doc. No. 51.)

In the Spring of 2022, the parties successfully mediated and resolved their claims. (Doc. Nos. 33, 35, 36.) The parties filed a Joint Motion for Preliminary Approval of Class Action

---

[1] The Amended Complaint also alleges a violation of 26 U.S.C. § 7434(a) with respect to one Plaintiff, claiming that Defendant "willfully filed fraudulent information returns with respect to payments made to Plaintiff Cordova-Gonzalez." (Doc. No. 12 at ¶¶ 134-39.)

Settlement Agreement on July 26, 2022. (Doc. No. 44.) On September 19, 2022, the Court granted that motion in its Preliminary Approval Order. (Doc. No. 51.) The Court also approved the parties' proposed notice. (*Id.* at 14-15 (referencing Doc. No. 44-2).) Plaintiffs were ordered "to disseminate the Notice to all Class Members and afford them at least forty-five (45) days from the date of the Notice mailing, to opt-out of—or object to—the Settlement Agreement." (Doc. No. 51 at 15.) The parties filed the instant motions on December 27, 2022, and the Court conducted a final fairness hearing on January 11, 2023. (Doc. No. 55.)

*The Proposed Settlement Agreement*

The proposed settlement agreement defines the settlement class as:

All hourly "production workers" employed by T.W. Lath-N-Stucco, Inc. between June 14, 2015, and the present who were allegedly not paid all wages due. "Production workers" include workers employed on scaffold, lath and plaster crews. "Production workers" excludes workers employed in office-based administrative tasks or sales.

(Doc. No. 47 at 5.) Plaintiffs Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin, Saul Rojas-Ramirez, are "Class Representatives," and the Class Representatives, together with Horlando Dominguez, Arturo Dominguez, Ruben Juarez, Diego Juarez and Aldo Mendosa are "Named Plaintiffs," for purposes of the proposed settlement agreement. (*Id.* at 1, 13.) The agreement will require Defendants to make a total non-reversionary payment of $150,000. (Doc. No. 47 at 8.) Of that total amount, $50,000 will go to Plaintiffs' counsel as attorney's fees and costs (*id*. at 14-15), and each of the three proposed class representatives will receive a $5,000 incentive award for the time and effort they devoted to the litigation. (*Id*. at 15-16.) The remaining $85,000 will be distributed across all Class Members according to pre-set calculations tied to the Damages Categories, except that the Named Plaintiffs will release additional non-class claims and will be

3

compensated accordingly. (*Id.* at 12-14.) And finally, Mr. Cordova-Gonzalez will be compensated for the additional claim he intends to release. (*Id.*)

Exhibit C to the proposed settlement agreement is a complete list of all Class Members and the amounts each person is potentially due under the terms of the agreement. (*Id.* at 60-71.) Every Class Member is subject to the same pre-set formulas that will determine how much each person will receive under the proposed settlement agreement. The only people who will receive something more than what is dictated by the formula are those who are releasing additional claims and those who have served in a representative capacity.

In the Joint Motion for Final Approval, the parties ask this Court for an order granting final certification, finalizing the appointment of class counsel and Class Representatives, granting final approval of the proposed settlement agreement ordering compliance, and dismissing this action with prejudice. (Doc. No. 52 at 2.)

In the Motion for Fees, Plaintiffs ask "for an Order approving the attorney fee and cost award of $50,000.00 agreed in the parties proposed Settlement Agreement." (Doc. No. 53 at 1) In support of that motion, Plaintiffs attach the Declaration of Adam M. Harrison. (Doc. No. 53-1.) Mr. Harrison is an attorney who describes his practice as "focused on wage and hour class and collective actions under the Fair Labor Standards Act, the Colorado Wage Act, the Colorado Minimum Wage Act, and similar state wage and hour laws." (*Id.*) He states under penalty of perjury that his "litigation rate for this type of case is $450.00 per hour," and that given class counsel's background, his "petitioned-for rate of $400 per hour is well below the market rate within the community of labor and employment lawyers in Colorado for an attorney of his experience and expertise." (*Id.*)

4

## LEGAL STANDARD

*Joint Motion for Final Approval*

"The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). In deciding whether to approve a settlement in a class action, a court must first ensure the class satisfies the Rule 23(a) requirements of "numerosity," "commonality," "typicality," and adequate representation. Fed. R. Civ. P. 23(a)(1)-(4). Then, Rule 23(b) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Finally, the proposed settlement must be "'fair, reasonable, and adequate' under Rule 23(e)." *In re Crocs, Inc. Sec. Litig.*, 2013 WL 4547404, at *4 (D. Colo. Aug. 28, 2013) (quoting Fed. R. Civ. P. 23(e)(2)). In determining whether the settlement is "fair, reasonable, and adequate," pursuant to Rule 23(e), courts in this district consider: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Jones*, 741 F.2d at 324; *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Amendments to Rule 23 became effective on December 1, 2018, providing four new

factors a court must find to render an agreement as fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "The advisory committee noted these new factors were not meant to displace any circuit's unique factors, but rather to focus courts on the core concerns in deciding whether to approve a proposed settlement." *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita Inc.*, 2021 WL 1387110, *3 (D. Colo. April 13, 2012) (citing *Chavez Rodriguez v. Hermes Landscaping, Inc.*, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020)). With the exception of the fourth, the new factors overlap with the Tenth Circuit factors and the Court will take into account both sets of factors in its analysis.

***Motion for Fees***

A claim for attorney fees and costs in connection with a class settlement must be made by motion under Rule 54(d)(2). *See* Fed. R. Civ. P. 23(h). Notice of the motion must be served on all parties and directed to class members in a reasonable manner. *Id.* Additionally,

> unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the

6

>court so orders, the terms of any agreement about fees for the services for
>which the claim is made.

Fed. R. Civ. P. 54(d)(2). Further, D.C.COLO.LCivR 54.3 requires that a motion for attorney's fees be supported by affidavit and include a summary of counsel's qualifications and experience with a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.

## ANALYSIS

**I.  Final Class Certification**

Certification of a class for settlement purposes must comply with the requirements set forth in Rule 23(a) and cannot issue until after the fairness hearing. *See* Fed. R. Civ. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Weinman v. Fidelity Capital Appreciation Fund* (*In re Integra Realty Res., Inc.*), 354 F.3d 1246, 1261 (10th Cir. 2004) (stating that "a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment"). The Court has conducted a final fairness hearing and is satisfied that the circumstances leading to preliminary certification, remain the same. Consistent with its findings in the Preliminary Approval Order, the Court finds the class satisfies the requirements for final certification.

**II.  Notice to the Class**

Before a court approves a class settlement it must be satisfied that notice was issued "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2)(B) provides that for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Further, the Due Process Clause guarantees unnamed class members the right to notice. *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943-44 (10th Cir. 2005). Indeed, "[t]he legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar." *Id.* at 944.

Here, the parties complied with the Court-approved notice plan and were successful in delivering individual notices to all but eleven (11)[2] of the one hundred sixty-eight (168) identified class members. (Doc. No. 59 at 1-2.) "The notices issued were personalized, informing each recipient of their individual gross minimum distribution if they were to participate in this settlement, and the Court were to approve the same." (Doc. No. 52 at 2.) Additionally, they were issued in "Spanish, the native language of many of the class members." (*Id.*) And the notice itself contained information regarding the nature of the lawsuit, the definition of the class, Class Members' anticipated recovery under the settlement, the amount of attorneys' fees and costs sought, and a summary of the class members' legal rights, including the right to object or exclude themselves from the settlement. *See* Fed. R. Civ. P. 23(c)(2)(B) (describing information to be included in notice). The notice also provided an opportunity to obtain additional information regarding the settlement, and—as noted above—that opportunity was provided in both Spanish and English. *See Tennille v. W. Union Co.*, 785 F.3d 422, 437 (10th Cir. 2015) (finding that "notice

---

[2] Specifically, "the class administrator was unable to obtain the current postal addresses of the following eleven class members: Armando Duron-Ramirez, Miguel Garcia, Pedro Gonzalez Luquin, Juan Herrera, Anibal Jaramillo, Juan Lopez Gonzalez, Jorge Montanez, Carlos Pineda, Alfredo Reyes Loya, Adrian Salazar, and Alexander Valdez." (Doc. No. 59 at 1-2.)

satisfied due process by informing class members of several ways they could obtain information about the claims that they would be releasing if they joined the settlement").

Notably, not everyone received an individual notice because the class administrator could not locate addresses for eleven Class Members. However, Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process do not require that every single class member receive individual notice. *See In re Integra Realty Resources, Inc*., 262 F.3d 1089, 1109-11 (10th Cir. 2001) (citation omitted); *see also In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145, 168–69 (2d Cir.1987) (finding that, with respect to a 23(b)(3) class, unidentified absent class members that could not be located through reasonable efforts did not need to be provided with individual, mailed notice in order to be bound); 7AA Charles Alan Wright et al., *Federal Practice & Procedure* § 1789.1 (3d ed. 2005) ("[A]s long as the notice scheme that is adopted meets [the constitutional standards], courts generally have ruled that an absent class member will be bound by any judgment that is entered, even though the absentee never actually received notice."); William B. Rubenstein et al., *Newberg on Class Actions*, § 8:36 (5th Ed. 2013) ("With regard to all challenges to notice, a critical point is that neither Rule 23 nor the Constitution requires that a class member actually receive notice: notice suffices if it is reasonably calculated to reach the absent parties. Challenges to notice in class actions are therefore challenges to the notice *program* the class action court adopted, not to the individual receipt of notice by a class member herself.") This is because the Rule 23 and due process inquiry "focuses upon whether the district court gave the *best notice practicable under the circumstances* including individual notice to all members *who can be identified through reasonable effort*." *DeJulius*, 429 F.3d at 944 (emphasis added); *see also In re Integra Realty Resources, Inc*., 262 F.3d 1089, 1109-11; *Tennille*, 785 F.3d

at 438-39 (finding that mailing of settlement notice to addresses updated through post office's change-of-address database was sufficient under Rule 23 and due process); Fed. R. Civ. P. 23(e)(1) (requiring court to "direct notice in a reasonable member to all class members who would be bound by the proposal").

Here, the Court is satisfied that the parties have made all reasonable efforts and issued the best practicable notice under the circumstances. And—though not directly relevant to its determination—the Court notes that if absentee Class Members are not compensated under the proposed settlement agreement, they may not be compensated at all due to the statute of limitations and other arguments. For these reasons, and the reasons set forth in the Court's Preliminary Approval Order, the Court finds the notice satisfies Rule 23 and Due Process.

### III.    Fed. R. Civ. P. 23(e) and the Tenth Circuit Factors

A class settlement must be "fair, reasonable, and adequate," before a court can approve it. Fed. R. Civ. P. 23(e)(2). In making that determination, "judges bear the important responsibility of protecting absent class members," and must be "assur[ed] that the settlement represents adequate compensation for the release of the class claims." *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 (3d Cir. 2010); *see also Amchem*, 521 U.S. 591, 623 (1997) (noting that the Rule 23(e) inquiry "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise") (citations omitted).

After careful review of the proposed settlement agreement, the information filed in support thereof, and upon hearing from both Plaintiffs and Defendants with respect to the claims, process, and proposed resolution, the Court finds the proposed settlement is fair, reasonable, and

10

adequate. First, the Court finds that both the Class Representatives and counsel have adequately represented the class. Specifically, the Class Representatives, Messrs. Ramon Cordova-Gonzalez, Pedro Diaz-Arreguin and Saul Rojas-Ramirez, have protected the interests of the Class Members by engaging in the discovery process and providing valuable knowledge and insights due to their supervisory functions and their connections to the Class Members. (Doc. No. 51 at 10-11.) As for class counsel, Andrew Turner, the Court has already found him to be experienced, skilled, and well-qualified to represent this class. (Doc. 51 at 11-12.)

The Court also sees no evidence of collusion and finds the parties have negotiated fairly, honestly, and at arms-length. The parties have engaged in hard-fought negotiations exchanging and reviewing thousands of pages of payroll and timekeeping documents and electronic communications between Defendants and Class Members. Representative Plaintiffs and their counsel spent dozens of hours reviewing and discussing these documents and calculating damages based upon the information they contain. Additionally, the parties strenuously litigated the question of statute of limitations and represented to the Court that the proposed settlement is the product of many rounds of negotiations, mediation preparations, and robust investigation. Based on the information provided in writing and during hearings, the Court is satisfied that the proposed settlement agreement is the product of fair and honest negotiations between the parties. *See Reiskin v. Reg'l Transp. Dist. Colo.*, 2017 WL 5990103, at *2 (D. Colo. July 11, 2017) (finding that class settlement was fairly and honestly negotiated where "case involved intensive discovery," "expert witness reports," depositions, and "[n]umerous motions").

The Court also finds that the relief provided is adequate, taking into account the risks and delays of trial and appeal. There are serious questions of law and fact that jeopardize recovery

for Plaintiffs. For example, Defendants argue that Plaintiffs' claims are barred because Plaintiffs' alleged activities were not compensable at all, and because the statute of limitations has run on their claims. (*See* Doc. No. 14.) And although the statute of limitations question was not certified to the Colorado Supreme Court, (Doc. No. 31), it remains a viable affirmative defense in this case. (*See* Doc. No. 14.) In determining the relief is adequate, the Court also takes into account the Damages Categories, which reflect a fair distribution of the settlement proceeds and ensure Class Members are treated equitably relative to each other. The Court also finds that in light of the risks and costs of protracted litigation, as well as the personal cost to the Class Representatives of spending time continuing to work through discovery, the immediate recovery proposed here, outweighs the mere possibility of greater relief in the distant future.

      Finally, "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight." *Aragon v. Clear Water Products LLC*, 2018 WL 6620724, at *3 (D. Colo. Dec. 18, 2018) (quoting *Hapka v. CareCentrix, Inc*., 2018 WL 1871449, at *5 (D. Kan. Feb. 15, 2018). Here, class counsel is experienced in wage and labor matters as well as class actions. (Doc. 51 at 11-12.) And both sides are in agreement that the proposed settlement agreement is fair, reasonable, and adequate. (*See generally* Doc. No. 52.) Moreover, no Class Member has opted out or objected to the settlement, (Doc. No. 52-1 at ¶¶ 6-7), further evincing the settlement is fair, reasonable, and adequate. *See generally Peace Officers' Annuity & Benefit Fund of Georgia*, 2021 WL 1387110, at *5 ("[T]he Court has considered the significant fact that no class member has objected to any aspect of the settlement, and Epiq has received only one valid request for exclusion from the class submitted by an individual retail investor who holds a

relatively small number of shares."); s*ee also Aragon*, 2018 WL 6620724, at *3 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 118 (2d Cir. 2005)).

IV.     **Attorney's Fees**

"In class actions, the district court has broad authority over awards of attorneys' fees; therefore, our review is for an abuse of discretion." *L. v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001) (quoting *Hayes v. Haushalter*, 105 F.3d 469, 472 (9th Cir.1997)). Further, under the FLSA, a prevailing plaintiff can recover "a reasonable attorney's fee ... and costs of the action." *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 594 (10th Cir. 1992) (quoting 29 U.S.C. § 216(b)). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal citation omitted). Courts in the Tenth Circuit assess the reasonableness of an attorney's fee award using either the lodestar method or the percentage of the fund method. *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994). Although either method is permissible, it appears the Tenth Circuit has "a preference for the percentage of the fund method." *Gottlieb*, 43 F.3d at 483 (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853-54 (10th Cir. 1993)). "In all cases, whichever method is used, the court must consider the twelve *Johnson* factors." *Gottlieb*, 43 F.3d at 483. Those factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Rothe v. Battelle Mem'l Inst.,* No. 1:18-CV-03179-RBJ, 2021 WL 2588873, at *8 (D. Colo. June 24, 2021); *see also Aragon*, 2018 WL 6620724, at *4-7.

Applying those factors, and under either method, the proposed fee of $50,000 of the $150,000 total settlement amount, is reasonable. "From a percentage of the fund perspective, the customary fee in this District is approximately one-third of the total economic benefit to the class." *Tennille v. Western Union Co.*, No. 09-cv-00938-MSK-KMT, 2013 BL 395514, 16 (D. Colo. Dec. 31, 2013); *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.*, 2010 WL 5387559, at *5–6 (D. Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class."); *Vaszlavik v. Storage Technology Corp.,* Case No. 95–B–2525, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) (saying that the "requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%– 50% range and is presumptively reasonable"). The $50,000 award proposed here, represents 33% of the settlement fund. And as Plaintiffs point out, "the class will recover 100% of documented damages even after the reduction of the settlement fund for the proposed 1/3 contingent fee." (Doc. No. 52 at 5.) Plaintiffs also note that the "$50,000 [fee] … is only roughly half of the $99,020.00 lodestar fee applicable to the 247.55 billable hours of work counsel has performed on the matter." (*Id.*) And based on the Declaration of Adam Harrison, (Doc. No. 53-1), and this Court's general knowledge concerning fees, class counsel's petitioned-for rate of $400 per hour is a fair market rate for an attorney with his experience.

Moreover, during the final fairness hearing, the Court received additional information

about class counsel's hours and efforts in connection with the litigation. Based on that, and the representations in Plaintiffs' Motion for Fees—including class counsel's "[c]ommitment to the full litigation of this class action," which "precluded other employment," because he "preserved capacity to complete discovery and trial as necessary" (Doc. No. 53 at 7)— the Court is satisfied that the fee fairly reflects the time and labor required to bring this matter to resolution. Additionally, the fee is fair and reasonable in light of the experience and skill of class counsel and the difficulty of the questions presented in a case that required careful and meticulous review of records and facts. The Court also notes that the Class Members are not highly paid employees and therefore a contingency fee arrangement is most appropriate, but if Class Members were to litigate each case individually it might be difficult to retain counsel of this caliber on a contingency. Additionally, the nature of the professional relationship that class counsel developed with his clients is an important factor that weighs in favor of approving the fee. Class counsel speaks Spanish and was able to communicate with his clients directly and in their native tongue, no doubt making this a smoother process than it might have been with non-Spanish-speaking lawyers. And finally, the results obtained also weigh in favor of awarding the requested fee because even though the award to each Class Member is modest, it adequately compensates them under the circumstances and "the minimum wages due to low-wage workers will always be modest." (Doc. No. 53 at 8.)

After considering the *Johnson* factors, and the facts surrounding this particular fee request, the Court is satisfied that the proposed $50,000 fee and costs award is within the range of reasonableness under either the lodestar method or the percentage method. Additionally, all requirements are met because the applicable substantive law does not require that fees be

proved at trial, and the claim was made by an unopposed motion. Additionally, there were no objections to the fee, the Court held a final fairness hearing, and class counsel supported the request by affidavit and sufficient detail concerning class counsel's qualifications, experience, services rendered, amount of time spent on the matter, hourly rate, and total amount claimed.

## CONCLUSION

For the foregoing reasons, it is:

**ORDERED** that the parties' Joint Motion for Final Approval of Class Action Settlement Agreement (Doc. No. 52) is **GRANTED,** and the Court hereby**:**

(1) issues final certification of the class as defined herein,

(2) appoints class counsel and Class Representatives as identified in the Court's Preliminary Approval Order (Doc. No. 51 at 14),

(3) approves the proposed settlement agreement (Doc. No. 47, Exhibit 1), and

(4) dismisses this action with prejudice; it is further

**ORDERED** that the Plaintiffs' Unopposed Motion for Award of Attorney's Fees and Costs (Doc. No. 53) is **GRANTED**.

Dated this day 3rd day of February, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge